O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL ACQUISITIONS NETWORK, a Wyoming corporation; SHAWN CORNEILLE, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; ORIANA CAPITAL PARTNERS,LLC, a Connecticut limited liability company; ZANCO, a company of unknown business form, HLB FINANCIAL, LLC, a company of unknown form; W/C INVESTMETN HOLDINGS INC., a Florida corporatin; DEXTER CHAPPELL, an individual; VALERIE CHAPPELL, an individual; JON LEARY, an individual; GLEN McINERNEY also known as LARRY BENNETT, an individual; et al.<br><br>    Defendants.<br>_____ | Case No. CV 12-08758 DDP (CWx)<br><br>**ORDER GRANTING DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>[Dkt. No. 50] |

Before the court is Defendant Bank of America, N.A. ("BANA")'s Motion to Dismiss the First Amended Complaint. Having considered the parties' submissions, the court adopts the following argument.

**I. Background**

The factual allegations in this action are presented at length in the court's Order Granting Defendants' Motion to Dismiss With Leave to Amend Certain Claims (the "Order"), dated February 19, 2013. Because the basic allegations of the First Amended Complaint ("FAC") are identical, the court will not recite them again.

On February 19, 2013, the court granted Bank of America Corporation's Motion to Dismiss as to all claims, giving Plaintiffs leave to amend the four fraud-based claims (Claims 5, 6, 7, and 8) to meet Rule 9(b)'s particularity requirements and leave to amend the conspiracy claim (Claim 9).

**II. Legal Standard**

A complaint may be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although the court must accept as true all of the factual allegations in a complaint, that principle "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

To determine whether a complaint states a claim sufficient to withstand dismissal, a court considers the contents of the

complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322-23 (2007); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. <u>Manzarek v. St. Paul Fire & Marine Ins. Co.</u>, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

**III. Discussion**

**A. Negligence and Breach of Fiduciary Duty Claims**

Plaintiff concedes that the claims for negligence and breach of fiduciary duty were dismissed without leave to amend. These claims are therefore DISMISSED from the FAC.

**B. Fraud-Based Claims**

"A cause of action for fraud requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b) made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the plaintiff, and (d) resulting damages." <u>Glenn K. Jackson</u>, 273 F.3d at 1201 (quoting <u>Wilkins v. Nat'l Broad. Co.</u>, 71 Cal. App. 4th 1066 (Cal. Ct. App. 1999)) (internal quotation marks omitted). The elements of a claim for fraud in the inducement of a contract are the same as for actual fraud. <u>Rodriguez v. JP Morgan Chase & Co.</u>, 809 F. Supp. 2d 1291, 1296 (citing Cal. Civ. Code § 1572; <u>Zinn v. Ex-Cell-O Corp.</u>, 148 Cal. App. 2d 56, 68 (Cal. Ct. App. 1957)). Negligent misrepresentation is a "species of the tort of deceit." <u>Bily v. Arthur Young & Co.</u>, 3 Cal. 4th 370, 407 (1992). Justifiable

3

reliance on the misrepresentation by the plaintiff is a key element of a cause of action for negligent misrepresentation.  <u>Id.</u> at 413.

BANA argues that Plaintiffs' fraud-based claims in the FAC should be dismissed because, as in the original Complaint, Plaintiffs fail to allege justifiable reliance and fail to plead their fraud claims with particularity.

### 1. Justifiable Reliance

The court's Order indicated that it was implausible that Plaintiffs could have relied on the Bank Officer's statements when they chose to enter into the loan agreement because those statements were made on February 9 and the agreement was dated February 1.  BANA argues that the FAC does not correct this deficiency.  The FAC does include as an exhibit email correspondence concerning the agreement suggesting that the agreement was signed later in February and backdated to February 1.  (FAC Exh. 5.)  However, the FAC does not specifically allege that date upon which the agreement was in fact signed, or that the parties agreed to backdate the agreement.  Paragraph 30 states only that after the February 9 call, "Plaintiffs went ahead with concluding negotiations for the NRL, and entered into an agreement regarding the NRL with Defendant OCP.  The agreement is dated effective as of February 1, 2012."  Paragraph 30 thus implies without alleging specifically that the agreement was backdated.

Assuming <u>arguendo</u> that Plaintiffs have sufficiently alleged that the agreement was backdated, BANA also argues that any reliance was not justifiable.  The court's Order stated: "simply because [Plaintiffs] failed to do adequate due diligence does not make the Bank Officer's statements fraudulent, and it makes their

4

alleged reliance on those statements less justifiable." (Order at 19-20.) Plaintiffs assert in their Opposition to this Motion that they did due diligence with respect to the Oriana Defendants, and that this due diligence led them to "reasonably believ[e] the representations made by" the Bank officer. (Opp. at 5.)

The court finds that even if the FAC is read to allege that the agreement was backdated, Plaintiffs have still not alleged facts to show that any reliance was justifiable. The court's Order indicated that in the original Complaint Plaintiffs

> d[id] not allege what kind of evidence the Bank Officer relied on in making his statements, nor d[id] they allege that they requested any supporting documentation from the Bank Officer or any additional information about his ability to comment on the Oriana Defendants' financial resources. Plaintiffs are purportedly sophisticated parties who owned complex securities and were represented by counsel in their transaction with Oriana.

(Order at 19.) Likewise, in the FAC, Plaintiffs have not alleged any such facts, nor have they alleged any other facts showing that reliance was justifiable. They allege only that they did due diligence with respect to the Oriana Defendants, but this does not amount to due diligence with respect to the Bank Officer and his representations, particularly when the representations that Oriana Defendants had sufficient financial resources were critical to Plaintiffs' decision to enter into the agreement. Ordinarily due diligence in such a situation would include requesting proof of the Oriana Defendants' financial resources or other factual bases upon which the Bank Officer relied for his representations.

5

**2. Pleading with Particularity**

The court's Order dismissed Plaintiffs' fraud-based claims for the additional reason that Plaintiffs failed to plead those claims with the level of particularity required by Rule 9(b). (Order at 20.) Specifically, the court indicated that "[m]erely because at a later time the Oriana Defendants did not disburse the loan funds and stated that they did not have the capacity to do so does not mean that the Bank Officer's statements about the Oriana Defendants' financial resources were untrue at that earlier time. . . . [Plaintiffs] allege no facts to show that the Bank Officer had access to other information at the time of the phone call that would have contradicted his assessment of the Oriana Defendants' financial resources." (Id. at 20-21.)

Plaintiffs cite ¶¶ 22-44 and ¶¶ 115-51 of the FAC to demonstrate that they have now pleaded the fraud claims with particularity. The only paragraph that might be seen as being intended to cure the above-noted deficiency is ¶ 131, where Plaintiffs allege that "[w]hen BOA Bank Officer/John Doe 1 made the representations and statements alleged above, he knew these representations to be false." However, this conclusory allegation is not sufficiently particular to meet the pleading standard for fraud claims; indeed, it is a bare allegation with no particularity at all. There is no indication that Plaintiffs could amend so as to cure this deficiency.

Additionally, the court noted in the Order that in an amended complaint, Plaintiffs would need to present phone records establishing that the alleged call took place. (Order at 22 ("[a]ny amended pleading must attach and incorporate any telephone

6

records allegedly evidencing the telephone call in question.").) Plaintiffs have failed to do so, despite the four months that have elapsed since the court's Order.

For these reasons, and because any amendment would be futile, the court DISMISSES the fraud-based claims without leave to amend.

**C. Conspiracy Claim**

As discussed in the court's Order, a plaintiff must "clearly allege specific action on the part of each defendant that corresponds to the elements of a conspiracy . . . . [The] plaintiff cannot indiscriminately allege that conspiracies existed between and among all defendants." AccuImage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003). In the court's Order, the court indicated that the conspiracy claim against Bank of America in the original Complaint was deficient because "[a]lthough the Bank of America Bank Officer is listed as a defendant under the heading for the conspiracy claim, the allegations do not specifically mention the Bank Officer's actions, and BAC is entirely absent from this claim. Plaintiffs therefore fail to allege any specific action on the part of any Bank of America defendants with respect to the alleged conspiracy." (Order at 23.) The FAC does not correct this deficiency. Again, BANA is not named at all in the conspiracy allegations.

Additionally, BANA argues that Plaintiffs' conspiracy claim fails because BANA does not owe Plaintiffs any underlying duty, and a conspiracy can "_only_ be formed by parties who are already under a duty to the plaintiff, the breach of which will support a cause of action against them - individually and not as conspirators - in tort." Chavers v. Gatke Corp., 107 Cal. App. 4th 606, 614

(2003)(emphasis in original).  Since the court found that Plaintiffs have not pleaded their fraud-based claims with sufficient particularity and dismissed those claims without leave to amend, the court also finds that Plaintiffs have not stated a claim for any duty owed by BANA to Plaintiffs and DISMISSES the conspiracy claim without leave to amend.

**IV. Conclusion**

For the reasons stated above, BANA's Motion to Dismiss is GRANTED.  The FAC is dismissed in its entirety against BANA with prejudice.

IT IS SO ORDERED.


Dated: June 7, 2013

　　　　　　　　　　　　　　　　　DEAN D. PREGERSON
　　　　　　　　　　　　　　　　　United States District Judge