O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL ACQUISITIONS NETWORK, a Wyoming corporation; SHAWN CORNEILLE, an individual, <br><br>            Plaintiffs, <br><br>     v. <br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; ORIANA CAPITAL PARTNERS,LLC, a Connecticut limited liability company; ZANCO, a company of unknown business form, HLB FINANCIAL, LLC, a company of unknown form; W/C INVESTMETN HOLDINGS INC., a Florida corporatin; DEXTER CHAPPELL, an individual; VALERIE CHAPPELL, an individual; JON LEARY, an individual; GLEN McINERNEY also known as LARRY BENNETT, an individual; CHRISTOPHER RAY ZANCO, an individual; BERNARD WOODSON, an individual, <br><br>            Defendants. | Case No. CV 12-08758 DDP (CWx) <br><br>ORDER DENYING MOTION FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(b) <br><br>[Docket No. 75 ] |

///

///

I. **Background**

Plaintiffs have sued Bank of America, Oriana Capital Partners, LLC, Dexter Chappell, and Jon Lear. (See generally First Amended Complaint ("FAC").) Plaintiffs asserted seven causes of action against Bank of America: negligence, breach of fiduciary duty, fraudulent inducement, fraud, intentional misrepresentation, negligent misrepresentation, and conspiracy. All of these seven causes of action are also asserted against Jon Leary, Dexter Chappell, and Oriana Capital Partners, LLC. (FAC ¶¶ 91-98, 99-109, 115-151.)

The factual allegations in this action are presented at length in the court's Order Granting Defendants' Motion to Dismiss With Leave to Amend Certain Claims (the "Order"), dated February 19, 2013. Because the basic allegations of the FAC are identical, the court will not recite them again. The Court dismissed the FAC's claims against Bank of America on June 6, 2013. Plaintiffs have attempted to appeal that order. In order to continue with their appeal, Plaintiffs state, this Court would need to enter final judgment on Plaintiffs' case against Bank of America. Presently before the Court is Plaintiffs' Motion for Entry of Separate Judgment ("Motion").

II. **Legal Standard**

"When an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). A district court has discretion when deciding whether to

enter judgment under Rule 54(b).  See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

A district court must first determine that there "is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. at 7 (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).  Next, "the district court must go on to determine whether there is any just reason for delay." Id. at 8.  In making this determination, a district court should "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

"Whether a final decision on a claim is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administrative interests is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. (2005) (internal quotation marks and citations omitted).

**III. Analysis**

Because Plaintiffs' claims against Bank of America are not separable from Plaintiffs' other claims, a separate judgment is improper in this case.  The Court must consider judicial resources in deciding whether to enter a separate judgment, and the more factual issues overlap between the parties, the more likely a

3

1  separate judgment is to be inappropriate.  <u>Wood</u>, 422 F.3d at 882.
2  As the Ninth Circuit stated:

> The greater the overlap the greater the chance that this court will have to revisit the same facts-spun only slightly differently-in a successive appeal.  The caseload of this court is already huge.  More than fifteen thousand appeals were filed in the last year.  We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason.

<u>Id.</u>  Here the factual overlap is substantial.  Several other remaining parties were also sued under the same claims as Bank of America.  The FAC's allegations indicate a substantial amount of factual overlap between Plaintiffs' claims against Bank of America and other Defendants, as the following except from the FAC exemplifies:

> "As alleged above, BOA [Bank of America] Bank Officer/John Doe I, assured Plaintiffs in the 28 February 9, 2012 telephone conference call that: (1) Defendants OCP [Oriana Capital Partners] and Dexter Chappell had more than sufficient funds available in their respective bank accounts with BOA to fund and pay themselves the NRL Plaintiffs were seeking; and (2) Defendants OCP and Dexter Chappe11 had been involved with and had experience in similar past CMO transactions.  BOA Bank Officer/John Doe 1 knew or should have known Plaintiffs would reasonably rely on the assurances given by him, and based on them, would entrust the custody and control of the GAN [Global Acquisition Network] CMOs [Collateralized Mortgage Obligations] to Defendants OCP, Dexter Chappell and [Jon] Leary. However, BOA Bank Officer/John Doe 1 negligently made these representations and assurances, since Defendants OCP and Dexter Chappell breached the NRLA, failed to timely fund and pay the NRL to Plaintiffs, and failed to timely return the GAN CMOs to Plaintiffs, after Defendants breached the NRLA and Plaintiffs demanded the return of the GAN CMOs."

(FAC ¶ 94.)  The factual overlap between the claims against Bank of American and other Defendants suggests that this Motion should be denied.

4

It is of no moment that the clerk has entered default against several of Bank of America's co-defendants and that "Plaintiffs' [sic] reasonably believe that given the past evasice conduct, and responsiveness of this Defendant, Dexter Chappell will not respond to the [FAC]."  (Reply Brief at 2 (citing no evidence.)  Plaintiffs do not know what Defendant Chappell will do, and the Court has not entered a final judgment against the defaulting Defendants.

Finally, Plaintiffs $450 appellate filing fee, which Plaintiffs claim will be lost if this Motion is denied, is not a reason to grant this motion.  If Plaintiffs did not want to risk forfeiting their fee, they should have filed the instant Motion before appealing.

**IV. Conclusion**

For the reasons stated above, the Court DENIES the Motion.

IT IS SO ORDERED.

Dated: September 13, 2013

DEAN D. PREGERSON
United States District Judge

5