O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL ACQUISITIONS NETWORK, a Wyoming corporation; SHAWN CORNEILLE, an individual,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; ORIANA CAPITAL PARTNERS,LLC, a Connecticut limited liability company; et al.<br><br>　　　　Defendants.<br>_____ | Case No. CV 12-08758 DDP (CWx)<br><br>**ORDER GRANTING DEFENDANT JON LEARY'S MOTION TO SET ASIDE DEFAULT**<br><br>[Dkt. No. 104] |

　　Presently before the Court is Defendant Jon Leary's motion to set aside entry of default (the "Motion"). For the following reasons, the Motion is GRANTED.

**I. Background**

　　Plaintiffs Global Acquisitions Network and Shawn Corneille ("Plaintiffs") filed this action against multiple defendants, alleging breach of contract and related causes of action. (FAC, Docket No. 48.) Following the filing of the First Amended Complaint

in March 2013, Defendant Bank of America filed a motion to dismiss the action against them, which the Court granted on June 7, 2013. (Docket No. 60.) Defendant Jon Leary then filed a motion to dismiss based on lack of personal jurisdiction, which the Court denied on July 9, 2013. (Docket No. 68.) Plaintiffs then proceeded to seek entry of default against several defendants in a piecemeal fashion. Default was entered against Leary on August 6, 2013. (Docket No. 79.)

Leary, proceeding pro se, now seeks to set aside the entry of default. (Docket No. 104.) Leary explains that he attempted to file an answer in early August. (<u>Id.</u>) Leary also alleges that he has bona fide defenses to the allegations in the FAC and that he had little to no involvement in the matters pled therein. (<u>Id.</u>) Leary further contends that Plaintiffs have not been prejudiced by the delay. (<u>Id.</u>)

**II. Legal Standard**

Once default has been entered, the defaulting party has the burden of showing that default should be set aside. <u>Cassidy v. Tenorio</u>, 856 F.2d 1412, 1415 (9th Cir. 1988). The defaulting party must show that good cause exists for setting aside the default. Fed. R. Civ. Prov. 55(c). In determining whether good cause exists, the court may consider the following factors: (1) whether the defaulting party has a meritorious defense; (2) prejudice to the plaintiff if default is set aside; and (3) the defaulting party's culpability in allowing default to occur. <u>Mendoza v. Wight Vineyard Mgmt.</u>, 783 F.2d 941, 946 (9th Cir. 1986).

///
///

### III. Discussion

Leary alleges that he had "little to no involvement in the matters as hand." (Motion, Docket No. 104, p. 2.) While the merits of this assertion remain to be seen, the Court is persuaded that Leary's argument may have merit. Therefore, a resolution of the case on the merits is preferable to allowing default to stand. Further, the prejudice that Plaintiffs will suffer is minimal. Plaintiffs are still in the process of seeking entry of default and/or default judgment against various other Defendants in this case. With substantial other activity occurring in this case, Plaintiffs will not suffer prejudice, other than actually having to prove their claims against Leary rather than collect by way of default judgment.

Leary also offers an excuse for his default because he alleges that he tried to file an answer to Plaintiffs' FAC in August but was unsuccessful. Because Leary is self-represented and appears to reside in Connecticut, filing documents in the Central District of California and checking whether they have been properly filed may be challenging for Leary. As a result, the Court does not believe that Leary is highly culpable in allowing default to occur.

### IV. Conclusion

For the foregoing reasons, the Court GRANTS the Motion. The entry of default against Leary is set aside.

IT IS SO ORDERED.

Dated: December 17, 2013

DEAN D. PREGERSON
United States District Judge

3