O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL ACQUISITIONS NETWORK, a Wyoming corporation; SHAWN CORNEILLE, an individual,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA CORPORATION, a Delaware corporation; ORIANA CAPITAL PARTNERS,LLC, a Connecticut limited liability company; ZANCO, a company of unknown business form, HLB FINANCIAL, LLC, a company of unknown form; W/C INVESTMETN HOLDINGS INC., a Florida corporatin; DEXTER CHAPPELL, an individual; VALERIE CHAPPELL, an individual; JON LEARY, an individual; GLEN McINERNEY also known as LARRY BENNETT, an individual; CHRISTOPHER RAY ZANCO, an individual; BERNARD WOODSON, an individual,<br><br>　　　　　Defendants. | Case No. CV 12-08758 DDP (CWx)<br><br>**ORDER GRANTING PLAINTIFFS' COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL AND DENYING PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ORIANA CAPITAL PARTNERS**<br><br>[Dkt. Nos. 99, 108] |

Presently before the Court are attorney Irving Parchman's Motion To Be Relieved As Plaintiff's Counsel (Docket No. 108) and

Plaintiffs' Application for Default Judgment Against Defendant Oriana Capital Partners LLC ("OCP") (Docket No. 99). For the following reasons, the Court GRANTS Parchman's Motion To Be Relieved As Counsel and DENIES Plaintiffs' Application for Default Judgment.

**I. Background**

Plaintiffs Global Acquisitions Network and Shawn Corneille ("Plaintiffs") filed this action against multiple defendants, alleging breach of contract and related causes of action. (FAC, Docket No. 48.) The alleged facts are more fully laid out in the Court's prior order granting Bank of America's motion to dismiss the original complaint; the alleged facts did not change upon filing of the First Amended Complaint ("FAC"). (Docket Nos. 38, 60.) Following the filing of the FAC in March 2013, Defendant Bank of America filed a motion to dismiss the FAC, which the Court granted on June 7, 2013. (Docket No. 60.) Plaintiffs then proceeded to seek entry of default against the remaining defendants in a piecemeal fashion. Default was entered by the clerk against Defendant Jon Leary on August 6, 2013 and against OCP on September 3, 2013. (Docket Nos. 79, 87.) The default entered against Leary was set aside on December 17, 2013. (Docket No. 116.) Plaintiffs are now seeking a default judgment against OCP. (Docket No. 99.) In a separate motion, Plaintiffs' counsel, Irving Parchman, seeks to be relieved as counsel in this matter. (Docket No. 108.)

**II. Motion To Be Relieved As Counsel**

  A. <u>Legal Standard</u>

Pursuant to Local Rule 83-2.3.2, "[a]n attorney may not withdraw as counsel except by leave of court." When the attorney

2

represents an organization, the attorney "must give written notice to the organization of the consequences of its inability to appear pro se." Local Rule 83-2.3.4. In determining whether adequate grounds exist for excusing counsel from further representation, federal courts generally look to applicable state law. The California Rules of Professional Conduct permit withdrawal when a client breaches an agreement to pay fees or expenses or when conduct by a client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." CRPC 3-700(C). Procedurally, notice must be given to the client of an attorney's motion to be relieved as counsel, and the motion must include an explanation as to why the parties could not mutually agree to substitution. CRC 3.1362. The court may deny an attorney's request to withdraw if the withdrawal would work an injustice. People v. McCracken, 39 Cal. 2d 336 (1952).

B. Discussion

Mr. Parchman has complied with the procedural requirements for attorney withdrawal. He states that he made multiple efforts to contact Plaintiff Shawn Corneille directly to advise him that he was no longer employed by Mr. Divens and that they needed to speak about finding new counsel to represent Plaintiffs. (Parchman Decl. ¶¶ 4, 5, 7.) Mr. Parchman further states sufficient reasons for his request to withdraw. He states that he has not received payment from his former employer, Mr. Divens, for much of the work he has performed in this matter and that, as a result, he is no longer associated with Mr. Divens. (Docket No. 108, p. 3.) Further, Mr. Parchman has been unable to contact Mr. Corneille regarding alternate arrangements for payment or regarding his further

3

representation of Plaintiffs. (Id. at 4.) As a result, the Court agrees that Mr. Parchman can no longer carry on effective representation of Plaintiffs in this matter. Therefore, the Court GRANTS Mr. Parchman's motion to be relieved as counsel.[1]

**III. Application for Default Judgment Against OCP**

"The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Lack of merit of the underlying claims is a sufficient basis for a district court to deny entry of default judgment. Id.; see also Eitel v. McCool, 782 F.2d 1470, 1472 (affirming district court's denial of application for default judgment on the grounds that "the district court could have had serious reservations about the merits of [Plaintiff's] substantive claims").

In this case, the Court noted in a prior order in this action that it "has serious doubts about the plausibility of the scenario alleged by Plaintiffs" (Docket No. 38, p. 6), and those doubts have not been alleviated through the course of the litigation. The Court's reluctance to find Plaintiffs' claims plausible is further supported by Mr. Parchman's desire to withdraw from representation and distance himself from Mr. Divens, who has been disbarred by the State of California, and Mr. Corneille, who Mr. Parchman alleges is a personal friend and business partner of Mr. Divens. (Parchman

---

[1] The Court notes that in granting this motion, Plaintiffs are now unrepresented by counsel in this matter. While Mr. Corneille can represent himself in this matter going forward should he choose to do so, Global Acquisitions Network, as an organizational plaintiff, cannot pursue its claims without an attorney. See Rowland v. California Men's Colony, Unit II Men's Advisory Counsel, 506 U.S. 194, 202 (1993).

4

Decl., Docket No. 106, ¶ 6.) Plaintiffs now seek a default judgment against OCP for over $31 million dollars and attorney's fees of nearly $400,000. (Docket No. 99, p. 4.) In light of the large amount of money Plaintiffs seek and the Court's concerns about the plausibility of the facts alleged, the Court DENIES Plaintiffs' Application for Default Judgment Against OCP.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS Mr. Parchman's Motion To Be Relieved As Counsel in this matter and DENIES Plaintiffs' Application for Default Judgment Against OCP.

IT IS SO ORDERED.

Dated: December 20, 2013

DEAN D. PREGERSON
United States District Judge

5